# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8527 | **DATE** | December 7, 2011 |
| **CASE TITLE** | Juan Sanchez (K-55087) v. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to sue or defend as a poor person [to proceed *in forma pauperis*] [3] is granted. The Court assesses an initial partial filing fee of $3.20. The Court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The Court appoints Faye B. Feinstein of Quarles & Brady LLP, 300 N. LaSalle St., Chicago, Illinois 60654, 312-715-5000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's motion for a temporary restraining order and a preliminary injunction [4] is denied without prejudice. Status hearing set for 12/16/2011 at 9:30 a.m. Plaintiff is to be made available by telephone for said status.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Juan Sanchez, an inmate at the Stateville Correction Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $3.20. The court authorizes the supervisor of inmate trust accounts at plaintiff's place of confinement to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement, currently Stateville Correctional Center, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Stateville trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

     Plaintiff's complaint is incomplete as it does not include any statement of the claim. However, the complaint does include a copy of an October 24, 2011, state-court order directing the Defendants to provide Plaintiff immediate medical care for his kidneys. The complaint also includes copies of two grievances Plaintiff filed regarding the denial or proper medical care for his kidney stones. Plaintiff also filed a motion for a temporary restraining order that sets forth, in detail, the seriousness of his kidney stones and the denial of proper medical care for his serious illness. Thus, it is clear that Plaintiff is alleging that he is being denied proper medical care for a serious kidney issue. However, the complaint cannot proceed without any statement of a claim. In light of the seriousness of the allegations, the Court

| STATEMENT |
|---|
| hereby appoints Faye B. Feinstein of Quarles & Brady LLP, 300 N. LaSalle St., Chicago, Illinois 60654, 312-715-5000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.<br>    In light of the lack of a viable complaint and the appointment of counsel, Plaintiff's pro se motion for a temporary restraining order and a preliminary injunction is denied without prejudice. |
| |